```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

```
JOSHUA DERWIN,                    §
                                  §
          Petitioner,             §
                                  §   CIVIL ACTION NO. H-05-1218
v.                                §   (Criminal Number H-03-285)
                                  §
UNITED STATES OF AMERICA,         §
                                  §
          Respondent.             §
```

## MEMORANDUM OPINION AND ORDER

Petitioner, Joshua Derwin, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 511 in Crim. No. H-03-285; Docket Entry No. 1 in C.A. No. H-05-1218). Derwin alleges that his sentence violated his rights under the Sixth Amendment to the United States Constitution because the court made findings that increased his sentencing guideline range and that his trial counsel was ineffective. Derwin also claims that the Supreme Court's opinions in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), are "clarifying amendments" to the Sentencing Guidelines that may be applied retroactively to cases on collateral review. Pending before the court is the government's Motion to Dismiss (Docket Entry No. 521 in Crim. No. H-03-285), to which Derwin has filed a "traverse." (Docket Entry No. 2 in C.A. No. H-05-1218)

Derwin pleaded guilty to possession with intent to distribute PCP in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), pursuant to a written Plea Agreement (Docket Entry No. 300 in Crim. No. H-03-285). Paragraph 20 of the Plea Agreement states that "the defendant knowingly waives his right to contest or 'collaterally attack' his plea, conviction and sentence by means of any post-conviction proceeding." After advising Derwin of his rights and ensuring that he understood the terms of the Plea Agreement, the court accepted the agreement and concluded that Derwin had waived the right to challenge his conviction or sentence by means of any post-conviction proceeding. Accordingly, pursuant to the terms of the Plea Agreement, Derwin has no right to file a motion to vacate his sentence under § 2255. See United States v. McKinney, ___ F.3d ___, 2005 WL 887153 (5th Cir. April 15, 2005).

Moreover, even if Derwin had not waived his right to collaterally challenge his conviction and sentence, none of his arguments have merit. Derwin's motion is premised upon the argument that the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), entitles him to relief. Even if Derwin had not waived his right to collaterally challenge his sentence, his motion would be meritless because the Supreme Court has not declared that the rules of constitutional law announced in Booker are made retroactive to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005);

Green v. United States, 397 F.3d 101 (2d Cir. 2005); In re Dean, 375 F.3d 1287 (11th Cir. 2004).

His contention that his counsel was ineffective in allowing him to plead guilty to a superseding information alleging that he was responsible for "a detectable amount" of PCP (Docket Entry No. 297 in Crim. No. H-03-285), instead of the Second Superseding Indictment, is premised on the erroneous belief that the indictment alleged a maximum amount of PCP for which Derwin could have been responsible.  In fact, Count One of the Second Superseding Indictment (Docket Entry No. 223 in Crim. No. H-03-285) alleged that Derwin and other defendants possessed PCP with the intent to distribute it and that "[t]his violation involved 100 grams or more of phencyclidine (PCP), a schedule II controlled substance" (emphasis added).  Thus, had Derwin pleaded to the Second Superseding Indictment, the court could have considered the same factors in determining his guideline range that the court considered under the information to which he pleaded guilty.  Nor has Derwin shown that his counsel was ineffective in allowing him to plead guilty before the Supreme Court announced its decision in Booker.  Given Derwin's involvement in this conspiracy and his extensive criminal record he has not shown how he would have received a lesser sentence under an advisory guideline system.

For the reasons explained above, the government's Motion to Dismiss (Docket Entry No. 521 in Crim. No. H-03-285) is **GRANTED**.

-3-

Derwin has filed an instrument captioned "Ineffective Assistance of Counsel" (Docket Entry No. 493 in Crim. No. H-03-285). That motion, which asks that he be allowed to withdraw his guilty plea based on newly discovered evidence, is **DENIED**.

**SIGNED** at Houston, Texas, on this 28th day of June, 2005.

_____
                        SIM LAKE
            UNITED STATES DISTRICT JUDGE